UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNIAL L. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | 05-2153 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiff, Johnial L. Jackson, filed his complaint against the defendant, Werner Enterprises, Inc., in the Circuit Court for the Twenty-First Judicial Circuit, Kankakee County, Illinois, on June 10, 2005. The plaintiff alleges he was injured in a forklift accident due to the negligence of an employee of the defendant. The defendant received service of process on June 17, 2005, and removed the action to this court on July 12, 2005. The following day, the defendant filed a motion for an extension of time to file its answer or other response, and the court granted the motion.

On August 11, 2005, the defendant filed a motion for more definite statement, arguing that the plaintiff's complaint is so vague and ambiguous that the defendant cannot prepare a responsive pleading. The defendant contends that the complaint does not state the situs of the accident, the time of the accident, a physical description of the tractor/trailer involved, or a description of the driver.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff has provided more than enough information for the defendant to formulate a response. The plaintiff alleges that he was working at the Space Center, Inc.[1] on July 7, 2003, using a forklift to load a trailer owned by the defendant and driven by the defendant's employee. The side of the trailer clearly identified it as the defendant's property. The truck driver failed to move his tandem back and the trailer

---

[1] The defendant states it "is aware of a Space Center Distribution Chicago, Inc. based in Kankakee, Illinois after conducting Internet research, but lacks further information." This statement is disingenuous. A month ago, the defendant supported its motion for extension of time with a copy of a letter to plaintiff's counsel, dated July 1, 2005. The letter confirmed that the plaintiff had no objection to the motion for extension of time, and also confirmed that plaintiff's counsel had informed the defendant that the accident happened at the Space Center, Inc. facility in Kankakee.

dropped, causing injury to the plaintiff. The plaintiff's injuries were severe enough to require surgery.

A motion for more definite statement is disfavored by the courts. *Padilla v. County of Cook*, 1999 WL 284359, *10 (N.D. Ill. Apr. 28, 1999). Under the liberal notice pleading requirements of Rule 8, the plaintiff need not plead any more than he already has. *See, e.g., McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (requiring a "plaintiff's assertions [to] . . . direct the defendant to the factual cause of the plaintiff's injury"). The cases cited in support of the motion are not helpful to the defendant. *See Herrera v. Rector*, 2004 WL 2047562, *3 (N.D. Ill. Sept. 13, 2004) (requiring the location and time of the event and facts as to how the plaintiff was injured); *Padilla*, 1999 WL 284359 at *10 (noting that "the complaint [did] not even hint at the allegedly [wrongful conduct]); *Dimensions Medical Center, Ltd. v. Principal Financial Group, Ltd.*, 1995 WL 51586, *4 (N.D. Ill. Feb. 6, 1995) (requiring a statement as to "which [of several ERISA] plans and which terms within those plans are at issue").

The defendant asserts that it is aware of Federal Rule of Civil Procedure 12(g)'s requirement to consolidate all Rule 12 defenses. The defendant filed an ill-conceived motion for more definite statement in which it suggests that it has other meritorious arguments pursuant to Rule 12 that it does not wish to abandon, even though it could have – perhaps should have – incorporated them into this motion. It seeks leave of the court to file an amended Rule 12 motion pursuant to Fed. R. Civ. P. 15 to incorporate those unspecified defenses. The court views unfavorably this obvious delay tactic and will not allow the litigation to proceed in piecemeal fashion. The court will not grant leave to file unspecified Rule 12 motions at the defendant's convenience, especially when the defendant has already received one extension of time to respond to the plaintiff's complaint.

The motion for more definite statement [#5] is denied. The defendant is ordered to answer the plaintiff's complaint on or before August 26, 2005.

Entered this 16th day of August, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE